## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HUSSEIN HAMDEH,

    *Plaintiff,*

vs.

    Case No. 14-1184-EFM-KMH

JOHN W. LEHECKA,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Hussein Hamdeh has sued his divorce attorney alleging denial of due process under 42 U.S.C. § 1983. Hamdeh's petition appears to allege legal malpractice, conspiracy, collusion, and fraud against Defendant John W. Lehecka. However, the Court on its own initiative dismisses this case for lack of subject-matter jurisdiction because (1) Lehecka is not a state actor, (2) Hamdeh does not allege discrimination, and (3) Hamdeh's claims must be brought in state court.

### I.   Factual and Procedural Background

This matter arises from John Lehecka's representation of Hussein Hamdeh in a divorce case from 2010 to 2012. The divorce was between Hamdeh and his wife, Hala Hamdeh. Hamdeh brings this suit individually and on behalf of his daughter, Tala Hamdeh. All parties are residents of Kansas.

In 2013, Lehecka filed a petition against Hamdeh for unpaid attorney fees in Sedgwick County District Court. In February 2014, Hamdeh filed a counterclaim alleging legal malpractice. In April 2014, Hamdeh filed a separate petition alleging legal malpractice in the same court. Hamdeh withdrew his counterclaim on May 9, 2014, and the court granted Lehecka's motion to dismiss Hamdeh's separate petition on May 23, 2014.

In June 2014, Hamdeh filed this claim in federal court alleging denial of due process under 42 U.S.C. § 1983. In July 2014, Lehecka filed a motion to dismiss (Doc. 5) asserting that Hamdeh's claim is barred because it was a compulsory counterclaim in state court and because of claim preclusion. In October 2014, Lehecka filed a motion to consider the motion to dismiss uncontested because Hamdeh failed to respond (Doc. 7).

## II.    Legal Standard

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[1] There are two statutory bases for federal subject matter jurisdiction. First, diversity jurisdiction is governed by 28 U.S.C. § 1332(a)(1), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds ... $75,000 ... and is between citizens of different states." Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction.

Because Hamdeh and Lehecka are residents of the same state, there is no diversity jurisdiction. Hamdeh claims federal question jurisdiction but even in the absence of a challenge

---

[1] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see also United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

from any party, a federal court has an independent obligation to examine its jurisdiction and may sua sponte raise the question of whether there is subject-matter jurisdiction.[2] If the court finds there is no jurisdiction it must dismiss the action.[3]

### III.   Analysis

Hamdeh cites to 42 U.S.C. § 1983 for his cause of action,[4] which allows plaintiffs to bring claims for alleged constitutional violations.[5] In his complaint, Hamdeh alleges:

> Plaintiffs have been denied due process of law under the Fifth Amendment to the United States constitution due to the conspiracy, collusion, or/and fraud engaged in by the Defendant. This caused the Plaintiff and Tala to be deprived of a fair legal process to protect their interest in life, liberty and property which are guaranteed by due process of law under the Fifth Amendment of the United States constitution, as incorporated to the states through the Fourteenth Amendment.[6]

Although Hamdeh does not expressly claim Lehecka engaged in legal malpractice, it appears by the nature of his claims he attempts to allege legal malpractice.[7] Hamdeh's complaint alleges:

> The plaintiff relied in good faith that the Defendant would act legally and ethically in representing his interest in his divorce case. Instead of serving the interest his client, the Defendant zealously served the interest of Hala and his own interest, motives, ambitions, beliefs and agenda.

---

[2] *Image Software, Inc., v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

[3] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

[4] Civil Cover Sheet, Doc. 2, p. 1.

[5] 42 U.S.C. § 1983.

[6] Complaint, Doc. 1, p. 7.

[7] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.").

However, it is not clear whether Hamdeh is alleging legal malpractice coupled with conspiracy, collusion, or fraud or if Hamdeh is alleging each of them separately. Nonetheless this Court is mindful of the standards governing pro se litigants and Hamdeh's pleadings will be construed liberally.[8] Whether Hamdeh is alleging each claim separately or as one, each will be addressed to determine whether this Court has jurisdiction to hear his claims.

### A. The Court Lacks Jurisdiction Over Hamdeh's Constitutional Causes of Action Because Lehecka Is Not a State Actor.

Hamdeh cites to 42 U.S.C. § 1983 for his cause of action.[9] The statue allows plaintiffs to bring claims for alleged constitutional violations committed by an individual party *only if* the violating party is a state actor acting "under color of any statue, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia."[10] The United States Supreme Court has clarified that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."[11] A plaintiff may not under section 1983 bring claims of constitutional violations against his former divorce attorney because they serve "essentially a private function… for which state office and authority are not needed."[12] Thus, this Court lacks subject-matter jurisdiction over Hamdeh's cause of action based on an alleged constitutional violation of the Fifth Amendment.

---

[8] *Hall*, 935 F.2d at 1110.

[9] Civil Cover Sheet, Doc. 2, p. 1.

[10] 42 U.S.C. § 1983.

[11] *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).

[12] *Id.* at 319.

**B. The Court Lacks Jurisdiction Over Hamdeh's Civil Right Conspiracy Claim Because Hamdeh Does Not Allege Discrimination.**

Although Hamdeh does not specifically address 28 U.S.C. § 1343, it is a jurisdictional statute that provides the federal courts with subject-matter jurisdiction to hear civil rights conspiracy claims under 42 U.S.C. § 1985 and claims for deprivation of one's civil rights under color of state law.[13] None of Hamdeh's claims constitute civil rights violations under color of state law because, as noted above, Lehecka is not a state actor. Additionally, if Hamdeh is alleging the civil rights conspiracy claim under section 1985(3), the statute does not apply to all private conspiracies as the conspiracy "must aim at a deprivation of the equal enjoyment of rights secured by the law to all."[14] There must be some racial or "class-based invidiously discriminatory animus behind the conspirators' action."[15] Because Hamdeh has not alleged any discrimination claims against Lehecka, section 1985(3) does not apply and 28 U.S.C. § 1343 does not give this court jurisdiction.

**C. Hamdeh's State Claims Must Be Sought in State Court.**

Section 1983 suggests it only "imposes liability for violations of rights protected by the constitution or laws of the United States, not for violations of duties of care arising out of tort law."[16] A tort law claim does "not rise to the level of constitutional civil rights violations."[17]

---

[13] *Lewis v. Stevenson, M.D.*, 2005 WL 290143, at *1 (10th Cir. Feb. 8, 2005) (unpublished); *see also* 28 U.S.C. § 1343(a)(1)-(4).

[14] *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

[15] *Id.* at 101-102.

[16] *Archuleta v. McShan*, 897 F.2d 495, 496 (10th Cir. 1990).

[17] *Lewis v. BHS College Meadows*, 2004 WL 870818, at *2 (D. Kan. Apr. 21, 2004); *see also Archuleta*, 897 F.2d at 496.

-6-

Remedies caused by torts "must be sought in the state court under the traditional tort-law principles."[18]

Here, Hamdeh's petition can be construed to allege civil conspiracy, which Kansas courts recognize as a tort.[19] Kansas courts also recognize that legal malpractice claims contain elements of tort and breach of contract.[20] A breach of contract would involve purely state law questions and would not be cognizable in federal court.[21] It does not rise to the level of constitutional deprivation pursuant to 42 U.S.C. § 1983.[22] Thus, because all of Hamdeh's claims allege state law violations rather than federal civil rights violations, this Court lacks subject-matter jurisdiction.

Because the Court dismisses for lack of jurisdiction, it is not necessary to address Lehecka's arguments in favor of dismissal (Doc. 5). In addition, Lehecka's Motion to Consider Defendant's Motion to Dismiss as Uncontested is moot (Doc. 7).

---

[18] *Archuleta*, 897 F.2d at 496.

[19] *Stoldt v. City of Toronto*, 234 Kan. 957, 966, 678 P.2d 153, 161 (Kan. 1984).

[20] *Sylvia v. Wisler*, 2014 WL 2772909 at *3 (D. Kan. June 19, 2014); *see also Paolucci v. Render Kamas Law Firm*, 2013 WL 3967963, at *4 (D. Kan. Aug. 1, 2013) (citing *Pancake House, Inc. v. Redmond*, 239 Kan. 83, 85–86, 716 P.2d 575 (Kan. 1986)).

[21] *See New Madrid Cnty. Reorganized Sch. Dist. No. 1, v. Cont'l Cas. Co.*, 904 F.2d 1236, 1241 (8th Cir. 1990).

[22] *See Dover Elevator Co. v. Arkansas State University*, 64 F.3d 442, 446 (8th Cir. 1995).

**IT IS THEREFORE ORDERED** that Hamdeh's claims against Lehecka are dismissed by the Court sua sponte for lack of subject-matter jurisdiction. Both of Lehecka's pending motions (Docs. 5, 7) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated this 23rd day of October, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE